**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS — TYLER DIVISION**

| | |
|---|---|
| **ALEXANDRA OLIVIA ALLEN (f/k/a Alexandra Olivia Amy),** <br><br> Plaintiff, <br><br> v. <br><br> **MARATHON PETROLEUM CORPORATION; MPLX LP; MARYANN T. MANNEN; MARIA A. KHOURY; MOLLY R. BENSON; FIONA C. LAIRD; KEVIN R. THOMAS; AMIE L. GREINER; CANDICE RAPHIEL; JIMMY K. PRICE; G.C. SCHEIDERER; KELLY J. MICHAEL; CHERYL MEIER; MIRIAM KELLY; JOHN PAUL JACOLA; COLIN D. HARBIN; JOSEPH W. ROMERO; JONATHAN JACKSON; DARRON BOND; SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.; SAVANNAH CASSADY; OLD REPUBLIC INSURANCE COMPANY; PANOLA COUNTY, TEXAS; PANOLA COUNTY SHERIFF'S DEPARTMENT; SHERIFF CUTTER CLINTON, In His Official and Individual Capacities; CHIEF DEPUTY DAVID GRAY, In His Official and Individual Capacities; JOSHUA CARTER; VINCENT JAMES; HANNAH PHIPPS; ELAIN S. ROHR; KIMBERLY S. BENSON; JAMES P. DOWLING, M.D.; STACIE B. ROLLINS; RYAN SPARKS; MARNIE [LNU]; NICK [LNU]; EMMA [LNU]; and BRIAN [LNU],** <br> Defendants. | **Case No. 6:26-cv-00120-JDK-KNM** <br> E.D. Texas — Tyler Division <br> District Judge J.D. Kernodle <br> Magistrate Judge K. Nicole Mitchell <br> **RENEWED EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER** <br> *Fed. R. Civ. P. 65(b) | Local Rule CV-7(l)* <br> **MATERNAL AND FETAL EMERGENCY — NEW EVIDENCE POST-ECF 64** <br> *Ultrasound: Dr. Daniel Bennett, MD — June 10, 2026 1:28 PM* <br> *38 Defendants | 12 Counts | 29 RICO Predicate Acts* <br> *COP-TRO-MATERNAL-002 | VA-CORNEA-01 Active | Dictation* |

---

⚠ **MATERNAL AND FETAL EMERGENCY — NEW EVIDENCE POST-ECF 64** ⚠

Plaintiff Alexandra Olivia Allen is 6 weeks and 4 days pregnant. On June 10, 2026, ultrasound documented
**a 4.9 x 33.9 x 34.4 mm subchorionic hemorrhage — signed by Daniel Bennett, MD at 1:28 PM. The right ovary was NOT IDENTIFIED on imaging. Plaintiff has three minor children at home.**
Subchorionic hemorrhage is associated with pregnancy loss, placental abruption, preterm birth, and fetal growth restriction. It is directly worsened by unresolved PTSD and ongoing financial crisis. Both are perpetuated by Defendants' coordinated financial neutralization. THIS HARM CANNOT BE **REMEDIED BY MONEY DAMAGES AFTER IT OCCURS. THIS IS AN ACTIVE LIFE-THREATENING EMERGENCY.**

## I. INTRODUCTION — WHY THIS MOTION IS RENEWED AND WHAT IS NEW

Plaintiff Alexandra Olivia Allen (f/k/a Alexandra Olivia Amy) files this Renewed Emergency Motion for Temporary Restraining Order pursuant to Federal Rule of Civil Procedure 65(b) and Local Rule CV-7(l). The Court's Order Adopting Report and Recommendation (Doc. 64, April 21, 2026) denied prior TRO motions (Docs. 2, 8, 9, 18) on two curable grounds identified in the R&R (Doc. 23). This motion cures both grounds and presents new evidence — a physician-signed ultrasound report documenting an active

maternal and fetal emergency — that post-dates ECF 64 by 50 days and constitutes independently sufficient grounds for immediate TRO relief.

### A. The Two Curable Grounds From ECF 23 — Both Now Cured

- **Finding 1 — CURED: Prior motions "do not comply with Local Rule CV-7(l)" — failed to clearly state imminent, irreparable harm and why standard response deadlines are inadequate. This motion states five irreparable harms with authenticated sources, none resting on inference from Plaintiff's testimony, and explains with specificity why standard deadlines are inadequate given an active first-trimester obstetric emergency.**
- **Finding 2 — CURED: Allegations characterized as 'conclusory and vague' — specifically that 'continued dissemination' as ongoing reputational harm was insufficient under Daniels Health Sciences, 710 F.3d 579, 585 (5th Cir. 2013). This motion does not rely on reputational harm. It relies on five authenticated, non-monetary, presently occurring physical harms, four of which are documented by physician orders or federal clinical records, and one of which — the subchorionic hemorrhage — is documented by a physician-signed diagnostic report from June 10, 2026.**

### B. What Is Materially New Since ECF 64 (April 21, 2026)

- **June 10, 2026: Subchorionic hemorrhage (4.9 x 33.9 x 34.4 mm) documented by Dr. Daniel Bennett, MD at 6 weeks 4 days gestation. Right ovary not visualized. Vaginal bleeding. Three minor children at home.**
- Sedgwick and Old Republic have still not reinstated DWC Claim 26-166207 (closed February 25, 2026 — four days after the SAC was filed). This tactical claim closure, identified as RICO Predicate Act #18, continues to deny Plaintiff income replacement, medical benefits for the denied 22-day inpatient PTSD rehabilitation, and workers' compensation for the compensable work-related PTSD exacerbation.
- Doc. 59 (Fifth USERRA Fee Waiver Motion, filed April 13, 2026): Still no ruling. 38 U.S.C. §4323(h)(1) is mandatory and non-discretionary: "No fees or court costs may be charged or taxed against any person claiming rights under this chapter."
- As of June 2026: No defendant has appeared. No defendant has filed a motion to dismiss. No defendant has filed an answer. The settlement offer under Rule 408 tendered April 28, 2026 to Sean McCrory (Littler Mendelson, smccrory@littler.com) remains open and unaddressed.

## II. CASE BACKGROUND — 38 DEFENDANTS, 12 COUNTS, 29 RICO PREDICATE ACTS

This case arises from an October 16, 2025 calibrated 332 ppm H2S IDLH event (3.32x NIOSH IDLH) at the MPLX Carthage Gas Processing Plant 1, a PSM-covered facility under 29 CFR §1910.119, in Panola County, Texas. Plaintiff, the only Black female Safety and Industrial Hygiene Professional at the facility, exercised Stop-Work Authority, reported the hazard, and was subjected to an escalating retaliation campaign spanning five states (TX, OH, IL, CO, PA) and 188 days. The Second Amended Complaint (Doc. 54, filed April 12, 2026) pleads 12 counts against 38 defendants and authenticates 29 RICO predicate acts.

| Count I | Civil RICO, 18 U.S.C. §1962(c) — 29 predicate acts, 5 states, 188 days. Three external enterprise members (Sedgwick, Old Republic, Panola County Sheriff) defeat intracorporate conspiracy doctrine under Cedric Kushner Promotions v. King. |
|---|---|
| Count II | USERRA §4311 (Willful) — 4 independent willfulness grounds. Pre-notification of termination to DOL-VETS McCallum before Plaintiff notified. VA PTSD diagnosis weaponized as threat narrative. |

| Count III | ADA §12112/§12203 — 10 accommodation requests. Zero interactive process (29 CFR §1630.2(o)). Zero Bragdon assessment. 7 simultaneous clinical clearances never disclosed. |
|---|---|
| Count IV | SOX §806/Dodd-Frank §21F — OSHA ECN126177. SEC TCR December 5, 2025. Sabine Pilot Texas common law. |
| Count V | §1985(3) Civil Rights Conspiracy — Three-state conspiracy (OH/CO/TX). E.1.2 authenticated. K-9 contacted Islamic prayer rug. Black disabled female Muslim Navy veteran. |
| Count VI | Title VII/§1981 — Race (African American), religion (Muslim), sex (female), intersectional discrimination. |
| Count VII | FMLA/ADA Interference — Forced leave October 24, 2025 same day as inpatient admission. HIPAA violation October 31, 2025 (Michael misrepresentation void ab initio). |
| Count VIII | Fourth/Fourteenth Amendment — 35-day armed law enforcement occupation without criminal complaint or judicial order. |
| Count IX | SOX §302/§906 False Certifications — Mannen/Khoury co-signed certifications on Form 10-K filed February 26, 2026 omitting Case No. 6:26-cv-00120 docketed five days earlier. |
| Count X | OSHA §11(c)/OSH Act General Duty Clause — 332 ppm H2S IDLH event not entered on OSHA 300 log. Workers no longer reporting safety concerns (NIOSH HHE COP-CI-IHC-002). |
| Count XI | Texas common law — Defamation, malicious prosecution, IIED. |
| Count XII | Municipal liability — Panola County/Clinton. Martin v. Clinton (E.D. Tex., settled May 2025) establishes prior pattern. Clinton: "I am the sheriff! I can do what I want!" — authenticated through contemporaneous news coverage (Panola Watchman, KTEN News, CBS19, June 2025). |

## III. LOCAL RULE CV-7(I) COMPLIANCE — WINTER STANDARD — FIVE AUTHENTICATED HARMS

### A. Likelihood of Success on the Merits — Three Core Authenticated Facts

Plaintiff's claims rest on authenticated documentary evidence whose accuracy cannot be disputed. No inference from Plaintiff's testimony is required for any of the following:

**THREE CORE AUTHENTICATED FACTS — NO INFERENCE REQUIRED**

*FACT 1: Thomas iMessage October 2, 2025: 'spiked at 322?' — personal knowledge of 332 ppm IDLH reading, 77 days before his December 18, 2025 OSHA letter called the same reading 'unsubstantiated' in paragraph two of the same document that confirmed it in paragraph one. The Triple Knowledge Contradiction. Both are in the same communication.*

*FACT 2: CALL-OCT27 (October 27, 2025): Corporate investigators stated Plaintiff was 'highly regarded' with 'nothing had ever really happened before' — 48 hours before the E.1.2 workforce-wide security threat designation (October 29, 2025). Exoneration precedes stigmatization. Both are in the enterprise's own records.*

*FACT 3: VA WRISE Discharge January 15, 2026: 'Patient DENIED current access to guns/firearms' — permanent federal VA clinical record generated while Defendants transmitted a threat narrative to DOL-VETS Investigator McCallum. The federal government's own record directly contradicts what Defendants told a federal investigator.*

*ADDITIONAL: Price on-camera October 9, 2025: 'don't forget to change it, too' — authenticated video evidence of investigation obstruction (18 U.S.C. §1519). Jonathan Jackson SWA card October 16, 2025, 15:09 CST: 'NO REPERCUSSIONS. That is my commitment to you.'*

### B. Irreparable Harm — Five Independent Non-Monetary Authenticated Harms

The following five harms are ongoing, presently occurring, and cannot be remedied by money damages. Each independently satisfies the irreparability standard. None rests on inference from Plaintiff's testimony.

### HARM 1 — ACTIVE MATERNAL AND FETAL EMERGENCY (PRIMARY / NEW POST-ECF 64)

**ULTRASOUND REPORT — Dr. Daniel Bennett, MD**
**Electronically Signed: June 10, 2026 at 1:28 PM**
EXAM: US OB < 14 WEEKS | Date: 6/10/2026 12:35 PM | History: Pregnant, vaginal bleeding
**FINDINGS:**
Uterus: 9.6 cm x 6.3 cm AP x 7.2 cm transverse | Gestational sac: 1.2 x 2 x 2.7 cm | Yolk sac: 3.1 mm
Crown-rump length: 0.68 cm — 6 week 4 day gestation | EGA from LMP: 6 week 6 day
Fetal heart rate: 122 bpm | Embryo: appropriate | Yolk sac: appropriate | Amniotic fluid: normal
**SUBCHORIONIC HEMORRHAGE: 4.9 x 33.9 x 34.4 mm**
The placenta has not yet formed.
**RIGHT OVARY: NOT IDENTIFIED WITH ADNEXAL IMAGES OBTAINED**
Left ovary: unremarkable, 1.5 x 1.8 x 2.2 cm. Pulsatile waveforms visible on color duplex imaging.
**— Electronically Signed By: Daniel Bennett, MD | Signed On: 6/10/2026 1:28 PM**

A 4.9 x 33.9 x 34.4 mm subchorionic hemorrhage at 6 weeks 4 days gestation is a documented obstetric emergency. SCH is associated with: spontaneous pregnancy loss; placental abruption; preterm labor and preterm birth; intrauterine growth restriction; and increased maternal hemorrhage risk. SCH risk and severity are directly worsened by: (a) unresolved psychological stress; (b) untreated PTSD; and (c) ongoing financial crisis. All three are being perpetuated by Defendants' coordinated financial neutralization — the denied DWC claim, the unaddressed USERRA fee waiver, and eight months of uncompensated disability. The right ovary was not visualized — requiring urgent follow-up for potential concurrent adnexal pathology. Plaintiff has three minor children at home. These harms, if they progress to pregnancy loss, placental abruption, or fetal death, cannot be undone by money. This is irreparable harm as a matter of law. Winter v. NRDC, 555 U.S. 7, 22 (2008).

### HARM 2 — ACTIVE SECURITY DESIGNATION IN LAW ENFORCEMENT DATABASES (PHYSICAL SAFETY)

E.1.2 (authenticated) — Defendant Jacola transmitted a workforce-wide security threat designation from Oklahoma City to the Panola County Sheriff's Department on October 29, 2025, derived from Plaintiff's protected service-connected VA PTSD diagnosis (ICD-10 F43.12). Zero elements of the Bragdon v. Abbott, 524 U.S. 624 (1998) individualized threat assessment were completed. Seven simultaneous clinical fitness clearances were held by Defendants and never disclosed to personnel receiving the designation. The VA WRISE Discharge record of January 15, 2026 permanently contradicts the threat narrative: "Patient DENIED current access to guns/firearms" — a permanent federal VA clinical record. The designation has never been formally withdrawn. Plaintiff is pregnant and resides in Panola County — the same county whose Sheriff's Department received and acted on this designation, and who is now a named federal defendant (SAC Count XII). Sheriff Clinton's own words — 'I am the sheriff! I can do what I want!' (authenticated, Martin v. Clinton, E.D. Tex., May 2025 settlement) — establish he does not exercise good-faith constitutional restraint. Every routine encounter with Panola County law enforcement

while this designation remains active presents a physical safety risk that money cannot restore after a confrontation occurs.

### HARM 3 — VA TREATMENT INTERFERENCE AND CPS INSINUATION (ONGOING MEDICAL ACCESS)

Defendants contacted Plaintiff's VA mental health providers without authorization in violation of 38 U.S.C. §7332, transmitting CPS insinuations targeting Plaintiff's parental fitness as a Black mother. No male MPLX employee experienced similar provider contact. The VA Treatment Plan (December 30, 2025 — Anderson, DSW, LCSWS — federal clinical record) documents PTSD exacerbation caused by employment retaliation. Provider Rakidzich documented on October 24, 2025: "much stress from current employment" — a pre-litigation federal clinical record created before this lawsuit existed. These unauthorized contacts were never retracted. The HIPAA authorization obtained by Defendant Michael through the misrepresentation "HR and supervisors do not see these files" (October 31, 2025 — false when made, Raphiel having been CC'd on E.1.2 two days earlier) is void ab initio under 45 CFR §164.508(b)(5). Interference with a service-connected veteran's active VA psychiatric treatment is not more compensable over time — the therapeutic relationship deteriorates. Untreated PTSD during pregnancy is a documented risk factor for adverse obstetric outcomes. This harm is compounding the Harm 1 obstetric emergency in real time.

### HARM 4 — OCULAR INJURY / SUSPECTED RETINAL DETACHMENT (IRREVERSIBLE PHYSICAL HARM)

On March 9, 2026 — after ECF 23 was issued — VA physician Dr. Holt, M.D. of the VA Emergency Unit treated Plaintiff for bilateral corneal abrasion and subconjunctival hemorrhaging with suspected retinal detachment. Vigamox 0.5% prescribed. VA-CORNEA-01 mandatory screen restriction issued. Ophthalmology referral for suspected retinal detachment remains pending as of this filing. A retinal detachment, if untreated, progresses to permanent vision loss. All documents since March 9, 2026 — including this Motion — have been prepared entirely by dictation pursuant to that physician's order. This is the paradigm irreversible harm under Winter, 555 U.S. at 22. This harm post-dates the R&R (Doc. 23) and was therefore not before the Court when the prior TROs were denied.

### HARM 5 — SPOLIATION EMERGENCY / CALENDAR-CERTAIN EVIDENCE DESTRUCTION

Two corporate email mailboxes face calendar-certain auto-deletion on documented schedules: (1) the Kevin R. Thomas mailbox (KRThomas2@marathonpetroleum.com) auto-deletes on or about October 16, 2027; and (2) a second corporate mailbox auto-deletes on or about October 1, 2027. These mailboxes contain the iMessage records, the OSHA correspondence, the investigation communications, and the RICO predicate act evidence that cannot be recreated from any other source. Once deleted, they are permanently gone. This is not speculative — it is calendar-certain destruction of authenticated evidence in a RICO case involving 29 predicate acts. Money damages cannot restore evidence that has been permanently deleted before trial.

### C. Authenticated Source Table — No Inference Required

| | |
|---|---|
| **Harm 1 Maternal/Fetal** | Dr. Daniel Bennett MD, Electronically Signed June 10, 2026 1:28 PM. Ultrasound: 4.9 x 33.9 x 34.4 mm SCH. Right ovary not identified. 6w4d gestation. Not created for litigation. |
| **Harm 2 Security** | E.1.2 Jacola email (authenticated). VA WRISE Discharge Jan 15, 2026: 'Patient DENIED current access to guns/firearms' — permanent federal VA record. Bragdon v. Abbott, 524 U.S. 624 (1998): zero individualized assessment elements completed. Martin v. Clinton settlement (E.D. Tex., May 2025): prior pattern of Clinton using institutional resources to retaliate. |
| **Harm 3 VA/CPS** | Rakidzich, October 24, 2025: 'much stress from current employment' — pre-litigation federal clinical record. Anderson DSW LCSWS, December 30, 2025 VA Treatment Plan: inpatient admission documenting treatment disruption. Michael HIPAA email October 31, 2025 (void ab initio, 45 CFR §164.508(b)(5)). All federal records, none created for litigation. |

| Harm 4 Ocular | Dr. Holt M.D., VA Emergency Unit, March 9, 2026: bilateral corneal abrasion, subconjunctival hemorrhaging, suspected retinal detachment. Vigamox 0.5% Rx. VA-CORNEA-01 mandatory screen restriction. This is a physician's order, not an allegation. |
|---|---|
| Harm 5 Spoliation | Thomas mailbox auto-delete: on or about October 16, 2027. Second mailbox auto-delete: on or about October 1, 2027. Calendar-certain. Non-recoverable. Authenticated in Doc. 54 (SAC) and Doc. 63-1 (proposed Evidence Preservation Order). |

## D. Balance of Equities

The balance overwhelmingly favors Plaintiff. Relief is narrow and surgical — it requires only administrative confirmations that federal law already prohibits Defendants from withholding:

- Written confirmation that the E.1.2 security designation has been formally withdrawn from all law enforcement databases, including Panola County Sheriff's Department records;
- Written confirmation to Plaintiff's VA providers that the November 2025 unauthorized contact was made without authorization and that Plaintiff's parental fitness is not in question;
- An order directing Sedgwick and Old Republic to reinstate DWC Claim 26-166207 to active status and suspend adverse action pending the DWC CCH proceeding;
- Preservation of all electronic records including both corporate mailboxes before their calendar-certain auto-delete dates;
- Preservation of all medical and electronic records related to Plaintiff's pregnancy and the subchorionic hemorrhage.

These measures impose zero operational burden on Defendants. The cost to Plaintiff — and to her unborn child and three minor children — of denying this relief may be irreversible.

## E. Public Interest

- 332 ppm H2S at DHS-classified critical energy infrastructure was not entered on the OSHA 300 log. Workers at Carthage Gas Plant 1 have ceased reporting safety concerns (NIOSH HHE COP-CI-IHC-002). Safety silence at a PSM-covered gas plant is a public safety event, not a private employment dispute.
- Using a VA service-connected PTSD diagnosis as the predicate for a workforce-wide law enforcement security designation — without a Bragdon individualized assessment — establishes a template for weaponizing veteran medical records against whistleblowers. This Court's intervention protects 18 million veterans in the civilian workforce.
- A pregnant whistleblower with a documented subchorionic hemorrhage, three minor children, and eight months of uncompensated disability — suffering an obstetric emergency as a foreseeable consequence of coordinated financial suppression — is exactly the kind of continuing irreparable harm that temporary restraining orders exist to prevent.
- The Rohr Quadruple-Role Indictment confirms that the suppression enterprise extended beyond HR into the technical safety documentation itself: Defendant Rohr served simultaneously as (1) custodian of three MPLX standards violated during the IDLH events; (2) co-author of the IH Bulletin submitted to OSHA as Marathon's technical defense; (3) participant in the October 16 TapRoot® investigation; and (4) the IH consulted by Plaintiff on the precise IDLH dispute Thomas later called "unsubstantiated." This is not a workplace dispute. It is a technical suppression enterprise.

## IV. WHY NOTICE AND STANDARD RESPONSE DEADLINES ARE INADEQUATE

- **Plaintiff is 6 weeks and 4 days pregnant with a documented 4.9 x 33.9 x 34.4 mm SCH. SCH complications — including pregnancy loss and placental abruption — can occur without further warning. Standard 21-day deadlines are clinically incompatible with an active first-trimester obstetric emergency.**

- **The right ovary was not visualized on June 10 imaging. This finding requires urgent follow-up. Every week of delay is a week a potential concurrent emergency goes unaddressed.**
- Defendants Sedgwick and Old Republic are named federal defendants under litigation hold. Standard notice produces additional discovery-avoidance, not compliance. Only court order can compel the specific administrative actions required.
- The E.1.2 security designation remains active in Panola County law enforcement databases. Plaintiff, who is pregnant, resides in Panola County. Standard deadlines cannot protect against a law enforcement encounter before any response deadline expires.
- Plaintiff operates under VA-CORNEA-01 mandatory screen restriction for bilateral corneal injury and suspected retinal detachment. Extended briefing compounds the physical harm from the screen restriction. All documents are prepared entirely by dictation.
- The Thomas mailbox auto-deletes on or about October 16, 2027. Every month without a preservation order is a month of irreversible evidentiary risk.
- As of June 2026: No defendant has appeared. No defendant has filed a motion to dismiss or an answer. Standard deadlines are meaningless in a case where no defendant has yet engaged the court process.


## V. RELIEF REQUESTED

Plaintiff respectfully moves this Court for a Temporary Restraining Order directing Defendants and their agents, attorneys, insurance administrators, and law enforcement agents to:

1. **IMMEDIATELY withdraw and formally retract the E.1.2 security designation transmitted by Defendant Jacola on October 29, 2025 from all law enforcement databases including Panola County Sheriff's Department records, with written confirmation to Plaintiff within 72 hours, given the active maternal emergency and Plaintiff's residence in Panola County.**

2. **IMMEDIATELY provide written confirmation to Plaintiff's VA mental health providers that the November 2025 unauthorized contact was made without authorization, that the CPS insinuations were false, and that no further contact will be made with Plaintiff's medical providers without court authorization.**

3. **ORDER Defendants Sedgwick Claims Management Services, Inc. and Old Republic Insurance Company to reinstate DWC Claim No. 26-166207 to active status, suspend the February 25, 2026 tactical closure, and refrain from any further adverse action on the claim pending the DWC Contested Case Hearing proceeding, given that the denied compensable medical benefits are an active contributing cause of the documented obstetric emergency.**

4. ORDER the immediate litigation hold and preservation of all electronic records in the Kevin R. Thomas mailbox (KRThomas2@marathonpetroleum.com), auto-delete on or about October 16, 2027, and all other corporate mailboxes identified in Doc. 54, including the mailbox scheduled for auto-delete on or about October 1, 2027.

5. ORDER preservation of all medical and electronic records related to: Plaintiff's pregnancy; the June 10, 2026 subchorionic hemorrhage diagnosis; the denied 22-day inpatient PTSD rehabilitation; and all DWC Claim 26-166207 claim handling records.

6. GRANT telephonic hearing on this motion within 7 days, as a reasonable accommodation pursuant to ADA and the VA-CORNEA-01 mandatory screen restriction order issued by Dr. Holt, M.D. on March 9, 2026.

7. RULE on Doc. 59 (Fifth USERRA Fee Waiver Motion, filed April 13, 2026) within 14 days. 38 U.S.C. §4323(h)(1) is mandatory and non-discretionary: "No fees or court costs may be charged or taxed against any person claiming rights under this chapter." The fee waiver is not discretionary. The second sentence of Doc. 10 — finding no USERRA claim in the original Complaint — is moot. The SAC (Doc. 54) pleads USERRA claims with particularity.

8.  GRANT such other and further relief as this Court deems just, equitable, and necessary to prevent imminent irreparable harm to Plaintiff, her unborn child, and her three minor children.

---

## VI. VERIFICATION — 28 U.S.C. §1746

*Prepared entirely by dictation pursuant to VA Screen Restriction Order VA-CORNEA-01, issued March 9, 2026 by Dr. Holt, M.D., VA Emergency Unit. Plaintiff cannot visually review this document prior to filing.*

I, Alexandra Olivia Allen (formerly Alexandra Olivia Amy), declare under penalty of perjury pursuant to 28 U.S.C. §1746 that the foregoing is true and correct to the best of my knowledge, information, and belief.

The ultrasound report of Dr. Daniel Bennett, MD, electronically signed June 10, 2026 at 1:28 PM, is authentic and is attached hereto as Exhibit A. I am currently 6 weeks and 4 days pregnant. I have three minor children at home. I have been without full employment income for eight consecutive months. The PTSD exacerbation documented in my VA records was caused by the October 16, 2025 workplace events as documented by my treating providers before this litigation began. The stress, financial insecurity, and untreated compensable PTSD caused by Defendants' retaliation campaign are active contributing causes of my current obstetric emergency. I am not asking this Court to accept my word. I am asking this Court to read the doctor's report, read the federal records, and read Defendants' own authenticated communications.

The architecture worked. The hierarchy did not. I am asking this Court to be the hierarchy that does.

Respectfully and urgently submitted,

Signature: _____    Date: ___6/17/2026_____

**Alexandra Olivia Allen (f/k/a Alexandra Olivia Amy)**
Plaintiff Pro Se | ESG Governance Industrial Hygienist | HM3 USN | LSSMBB | HAZWOPER
CEO, Concepts of a Plant™ Public Health Academy | SDVOSB | NAICS 541690
213-461-7006 | ceo@conceptsofaplant.com | alexandraoamy@gmail.com
221 N. Browning St., Carthage, TX 75633
*Formerly Alexandra Olivia Amy*

---

### CERTIFICATE OF SERVICE

*I hereby certify that on the date below, I filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.*
Alexandra Olivia Allen (f/k/a Alexandra Olivia Amy), Plaintiff Pro Se | Date: ___6/17/2026_____

**docusign**

## Certificate Of Completion

| | | |
|---|---|---|
| Envelope Id: 410CC813-A5B3-8650-8263-DCC7E5762F0D | | Status: Completed |
| Subject: COP-TRO-MATERNAL-002 COMPREHENSIVE District Court.docx | | |
| Source Envelope: | | |
| Document Pages: 8 | Signatures: 1 | Envelope Originator: |
| Certificate Pages: 1 | Initials: 0 | Alexandra Amy |
| AutoNav: Enabled | | alexandraoamy@gmail.com |
| EnvelopeId Stamping: Disabled | | IP Address: 172.59.196.255 |
| Time Zone: (UTC-05:00) Eastern Time (US & Canada) | | |

## Record Tracking

| | | |
|---|---|---|
| Status: Original | Holder: Alexandra Amy | Location: DocuSign |
|     6/17/2026 8:35:15 AM |     alexandraoamy@gmail.com | |

| Signer Events | Signature | Timestamp |
|---|---|---|
| Alexandra Amy<br>alexandraoamy@gmail.com<br>Instructor<br>Security Level: Email, Account Authentication (None) | *[signature]*<br><br>Signature Adoption: Drawn on Device<br>Using IP Address: 172.59.196.255<br>Signed using mobile | Sent: 6/17/2026 8:35:16 AM<br>Viewed: 6/17/2026 8:35:21 AM<br>Signed: 6/17/2026 8:35:45 AM<br>Freeform Signing |

**Electronic Record and Signature Disclosure:**
   Not Offered via Docusign

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|

| Witness Events | Signature | Timestamp |
|---|---|---|

| Notary Events | Signature | Timestamp |
|---|---|---|

| Envelope Summary Events | Status | Timestamps |
|---|---|---|
| Envelope Sent | Hashed/Encrypted | 6/17/2026 8:35:16 AM |
| Certified Delivered | Security Checked | 6/17/2026 8:35:21 AM |
| Signing Complete | Security Checked | 6/17/2026 8:35:45 AM |
| Completed | Security Checked | 6/17/2026 8:35:45 AM |

| Payment Events | Status | Timestamps |
|---|---|---|